UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER JOHNSON,

    Plaintiff,

v.                                                    Case No.:   2:19-cv-639-FtM-38MRM

AVE MARIA SCHOOL OF LAW and
TOM MONAGHAN,

    Defendants.
_____/

## ORDER

    Plaintiff Christopher Johnson filed an Affidavit of Indigency on September 4, 2019, which the Court construes as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 4.07.  (*See* Doc. 2).  Plaintiff seeks leave to proceed *in forma pauperis*, which is without pre-payment of fees.  The Court has carefully reviewed the Complaint (Doc. 1-2) and the Affidavit of Indigency (Doc. 2) under 28 U.S.C. § 1915 and relevant pleading standards.  Based upon that review, the Court determines that Plaintiff must be required to amend the Complaint.

    **The Complaint Is Not Signed:**  As a threshold matter, Fed. R. Civ. P. 11(a) requires that "[e]very pleading . . . must be signed by . . . a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number."  The Court finds that the Complaint here is deficient because Plaintiff has not signed his complaint nor has he included his address, e-mail address, or telephone number.  (*See* Doc. 1-2); *see also* Fed. R. Civ. P. 11(a).  Plaintiff must be required to amend the Complaint to cure this defect.

    **Review of Plaintiff's Pleading:**  Additionally, when a plaintiff files an application or motion to proceed *in forma pauperis*, the Court must review the pleading and the case under 28

U.S.C. § 1915.  Upon such a review, § 1915 requires the Court to dismiss the case if the Court determines that:

> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal—
>     (i)   is frivolous or malicious;
>     (ii)  fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is considered to be "frivolous" when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Notably, while *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, *Whitehurst v. Wal-Mart*, 306 Fed. App'x 446, 447 n.2 (11th Cir. 2008), a litigant's *pro se* status "generally will not excuse mistakes [the litigant] makes regarding procedural rules," *Mickens v. Tenth Judicial Cir.*, 181 Fed. App'x 865, 875 (11th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  This means that even *pro se* litigants must, among other things, meet minimal pleading standards and allege the essential elements of their claims for relief.  *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

In terms of pleading requirements, Fed. R. Civ. P. 8 requires a pleading to contain:

> (1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support:
> (2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3).  A plaintiff's obligation to show entitlement to relief requires more than labels, conclusions, or a formulaic recitation of the cause of action's elements.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).  Rather, a complaint must contain enough

factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court need not accept legal conclusions or threadbare recitals of the elements of a cause of action supported by conclusory statements as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Additionally, the heightened pleading standard of Fed. R. Civ. P. 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." This heightened pleading requirement "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (quoting *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). The requirement is satisfied "if the complaint alleges 'facts as to time, place, and substance of the defendant[s'] alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" *United States ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012) (quoting *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009)). In other words, a plaintiff must plead the "who, when, where, and how of specific misrepresentations that led them astray." *Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x 464, 474 (11th Cir. 2016).

Moreover, Fed. R. Civ. P. 10 provides that in any pleading:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A

> later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). "Rules 8 and 10 work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" *Meide v. Pulse Evolution Corp.*, No. 3:18-cv-1037-J-34MCR, 2019 WL 4918264, at *1-2 (M.D. Fla. Oct. 4, 2019) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

Relatedly, the Eleventh Circuit has repeatedly condemned so-called "shotgun pleadings" that run afoul of Rule 8 and/or Rule 10. *See Silverthorne v. Yeaman*, 668 Fed. App'x 354, 355 (11th Cir. 2016) (citing *Weiland v. Palm Bch. Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)). Shotgun pleadings include those that:

> (1) contain multiple counts where each count adopts the allegations of all preceding counts;
> (2) do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;"
> (3) do not separate each cause of action or claim for relief into separate counts; or
> (4) contain counts that present more than one discrete claim for relief.

*Id.* (quoting *Weiland*, 792 F.3d at 1321-23); *see also Toth v. Antonacci*, No. 19-10564, 2019 WL 4926961, at *1-2 (11th Cir. Oct. 7, 2019).

The Court has carefully reviewed Plaintiff's Complaint (Doc. 1-2) in light of the pleading standards articulated above and the requirements of § 1915. The Court finds and determines that Plaintiff must amend the Complaint (Doc. 1-2) for several reasons.

First, Plaintiff has filed an impermissible shotgun pleading replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. Plaintiff's Complaint is 57 pages long and contains 129 separate paragraphs. (*See* Doc. 1-2). A multitude of these paragraphs consist of incoherent, conclusory statements. For example, Plaintiff alleges Defendant, the law school he attended, Ave Maria Law ("Ave Maria"):

> is abusing their power, abusing their authority, participating in intimidation, conspiring to ruin reputations, creating master-slave relationships, using classical programming and/or mind control techniques, conspiring against humans and the State of Florida and possibly the U.S. Government for political gains, financial gains; and power, operating a criminal organization by hiding crime, obstructing justice and harboring and/or aiding and abetting criminals, treason and conspiring to make others commit treason, negligence, fraud, violations of the Florida and U.S Constitution, creating a hostile environment, harassment, psychological., spiritual and emotional abuses, creating and tolerating hate speech, failure to report a crime, failure to report crimes, failure of care of duty and care of safety, obstruction of justice, and possibly due to the above writing and Ave Law's actions other crimes and/or violations allowed under Civil law. Ave Maria Law School would not mediate my issues in a respectable or equal manner while attending, and after leaving would not mediate at all, committing fraud by not practicing what they preach or teach, by having a mediation clinic and then being told to read the Bible, which says "Ask and you shall receive," but I did not receive.

(Doc. 1-2 at 60). The Complaint is a text-book shotgun pleading in that not only are many of the "facts" Plaintiff asserts in support of his claim vague or irrelevant, but the bulk of the Complaint is a conclusory amalgamation of legal harms. Thus, for this reason alone Plaintiff must amend his Complaint.

Second, Plaintiff asserts factual allegations in the Complaint (Doc. 1-2) that are extremely difficult to follow. Petitioner appears to allege various constitutional and statutory harms at the hand of Defendant Ave Law. Much of these claims seem frivolous even under § 1915's lenient standard. While a certain number of Plaintiff's claims may have merit, the Court

cannot determine which those would be considering the stream-of-consciousness manner Plaintiff has set forth his facts. For example, and illustrative of Plaintiff's Complaint as a whole, he states:

> Ave Law violated my 1st Amendment rights of the U.S. Constitution and the Florida Constitution, Section 3 and 4. because Ave Maria School of Law is a Law School and a agent of the State of Florida and the U.S. Government, and Ave Maria School of Law combines Church and State by combining the Law and Catholicism, thereby violating my rights because I could not live my version of a Good God or·one God, or my version of Catholicism, due to the hostile nature created on this campus and in the classroom, and how Ave Law created and carried out the controlling of clubs, including the Church and it's Church Groups, Lex Vitae Society; Knights of Columbus, and The Thomas More Society. As well, the fear for punishment was imminent and consistent and students, including myself, could not talk about other Religions or God or what the version of Catholicism was at this Institution, especially after discovering a video on YouTube of the Pope and other Priest singing about Lucifer. My right to express myself was abridged on campus and proven by Professor Donovan and other students clearly stating to me in a classroom that I have no freedom of speech or no right to expression on campus

(Doc. 1-2 at 10). Section 1915(d)'s use of the word "frivolous" embraces fanciful factual allegations. *Neitzke,* 490 U.S. at 325. Simply put, the Court has an extremely difficult time following Plaintiff's Complaint in light of the dense factual nature of his allegations. Plaintiff, thus, must be made to amend his Complaint to plead sufficient, plausible facts supporting cognizable legal claims.

Third, Plaintiff has not set forth each claim founded on a separate transaction or occurrence in a separate count, as required by Fed. R. Civ. P. 10(b), when doing so here would greatly promote clarity. Many of Plaintiff's paragraphs contain numerous scenarios where multiple persons allegedly violated Plaintiff's rights:

> Involuntary Servitude also happens and happened at Ave Law to myself because I was willing, wanting to help and participate, so I

> joined all the clubs and was outgoing to meet students for future business and/or partnerships; to meet a wife and start a family, but when I wasn't willing to serve faculty and/or student leaders or student government, I was forced into servitude by faculty and students by treating me horrible and using trickery and violating trust and their care of duty or leadership roles, including student government and club leaders, attempting to break my will; happiness, and spirit, creating issues and controlling others to hate me, causing false imprisonment by sharing information about me and/or telling other students what to say to me via Mo Abass and other students, or Heather Randall sharing information about me to Naomi Hatton for an agenda, that was conveyed to Heather Randall in private over dinner, on campus. Heather Randall pretended to be my friend and took advantage of me emotionally for my knowledge and/or my viewpoints while on campus. This was done with the intent to stop my personal success.

(Doc. 1-2 at 16). Plaintiff's Complaint is rife with these types of transitions from person to person and occurrence to occurrence without separately delineating his claims. Therefore, Plaintiff must amend his Complaint to comply with Rule 10.

Based upon the foregoing, the Court will require Plaintiff to amend the Complaint.

## CONCLUSION

Accordingly, the Court **ORDERS**:

1. The Affidavit of Indigency (Doc. 2), construed as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 4.07, is **DENIED WITHOUT PREJUDICE**.

2. **No later than December 23, 2019**, Plaintiff must:

   a. file an Amended Complaint that complies with this Order, corrects the issues identified above, and complies with the Federal Rules of Civil Procedure; and

   b. file a renewed motion for leave to proceed *in forma pauperis* with an updated affidavit of indigency.

3. Alternatively, Plaintiff may pay the filing fee **no later than December 23, 2019** and proceed promptly to effectuate service of process on Defendants **no later than January 23, 2020**.

4. If Plaintiff fails to comply timely with this Order, the Undersigned will recommend to the presiding United States District Judge that this action be dismissed without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on December 2, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties